UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20946-CV-GOLD
(95-271-CR-MARCUS/RYSKAMP/GOLD)

LUIS GERMAN ROLDAN,

       Movant,

v.

UNITED STATES OF AMERICA,

       Respondent.

_____/

**OMNIBUS ORDER ADOPTING REPORT AND RECOMMENDATION;
DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT CONVICTION
AND SENTENCE PURSUANT TO 28 U.S.C. § 2255 [ECF NO. 1]; CLOSING CASE**

THIS CAUSE is before the Court upon Magistrate Judge Patrick A. Judge White's Report and Recommendation ("Report"). **[ECF No. 14]**. In the Report, Judge White recommends denying Movant Luis German Roldan's ("Movant") motion to vacate pursuant to 28 U.S.C. § 2255 ("Motion") filed on March 16, 2010,[1] as time-barred **[ECF No. 1]**. Neither party has filed objections to the Report, and the time for doing so has expired. Since no objections have been filed, and the reasoning for Judge White's recommendation is fully set forth in his Report, I briefly set out the factual circumstances underlying the Motion and the arguments therein.

---

[1] Although the Electronic Case Filing system indicates the motion was filed on March 25, 2010, as Judge White recognizes in the Report, the motion is dated March 16, 2010, and is presumed to have been tendered to prison authorities for mailing to the Court on that date. *See* **[ECF No. 14, fn. 1]**. Regardless of whether the motion was filed on March 16, 2010 or March 25, 2010, I agree with Judge White's conclusion in the Report that Movant's petition is time-barred.

1

## I.      Factual and procedural background

### A.      1996 judgment and sentence

On April 23, 1996, judgment was entered against Movant for his conviction on Count 1 of a 4-count Superseding Indictment, conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 18 U.S.C. § 963 following a trial by jury. **[Case No. 95-271-CR; ECF No. 167]**. Movant was sentenced to 292 months' imprisonment as to Count 1, followed by a five-year term of supervised release, and assessed a fee of $50. *Id.* On May 1, 1996, Movant filed a timely notice of appeal. **[Case No. 95-271-CR; ECF No. 179]**. On September 28, 1996, Movant voluntarily dismissed his appeal without filing a brief. **[Case No. 95-271-CR; ECF No. 197]**. Plaintiff was represented by counsel at trial, sentencing, and on appeal.

On June 16, 2003, Movant filed a *pro se* motion seeking a reduction of his sentence pursuant to Fed. R. Crim. P. 35. **[Case No. 95-271-CR; ECF Nos. 227, 228]**. On January 12, 2006, Movant's motion requesting specific performance of the Government to grant reduction of his sentence pursuant to Rule 35 was denied. **[Case No. 95-271-CR; ECF Nos. 235]**.

### B.      Motion to vacate pursuant to 28 U.S.C. § 2255

On March 16, 2010, Movant filed his motion to vacate pursuant to 28 U.S.C. § 2255. **[ECF No. 1]**. On April 8, 2010, Judge White issued an Order to Movant to Respond Regarding Limitations Period. **[ECF No. 5]**. By this order, Judge White advised Movant that his "motion may be barred from consideration by this Court unless the movant demonstrates that one of the following occurred <u>within one year from the date the motion was filed</u>: [listing 28 U.S.C. § 2255(f) factors]." *Id.* (emphasis added).

Judge White ordered Movant to file a memorandum, on or before April 27, 2010, stating whether one or more of the four factors justifies consideration of this motion to vacate. *Id.* The April 8, 2010 order also placed Movant on notice that failure to demonstrate the existence of at least one of the four factors listed above may result in dismissal of the motion to vacate. *Id.* at p. 2. Movant did not file a memorandum in response to Judge White's April 8, 2010 Order.

On May 13, 2010, Judge White provided Movant with a second opportunity to respond to the issue of whether Movant's motion was time-barred by issuing a Second Order to Movant to Respond Regarding Limitations Period. **[ECF No. 8]**. This Second Order was identical to the April 8, 2010 order except that it required that Movant file a memorandum identifying at least one of the four factors under 28 U.S.C. § 2255(f) by on or before June 2, 2010. *Id.* at p. 2.

On June 2, 2010, Movant filed an omnibus response to the Government's Answer in Opposition to Movant's Motion to Vacate and Judge White's Order regarding Limitation Period.[2] **[ECF No. 12]**. In response to Judge White's Order, Movant states that he "is not a trained lawyer, [but] a lay person who is being assisted by a fellow inmate who also is not a trained lawyer." *Id.* at p. 2. Movant also states that he "is actually and factually make research in cases and court authorities valuable to [Movant's] innocence claim. [*sic*]" *Id.* at pp. 2-3. Essentially, Movant appears to argue that his claim of "actual innocence . . . cannot be time barred when the facts and issues of the underlying case shows evidence of clear miscarriage of justice." *Id.* at p. 3.

---

[2] Again, though the Electronic Case Filing system indicates the response was filed on June 7, 2010, the response is dated June 2, 2010, and is presumed to have been tendered to prison authorities for mailing to the Court on that date. Further, since Movant is proceeding *pro se*, I liberally construe his pleadings.

II.    **Analysis**

A.    **Time-barred**

The United States filed a response asserting that Movant's motion is untimely. **[ECF No. 9]**. Movant filed his motion to vacate pursuant to 28 U.S.C. § 2255 on March 16, 2010, approximately 14 years following judgment entered against Movant on April 23, 1996. **[ECF No. 1]; [Case No. 95-271-CR; ECF No. 167]**.

Pursuant to 28 U.S.C. § 2255(f), the applicable time period for filing a 28 U.S.C. § 2255 petition is one year:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On May 1, 1996, Movant filed a timely notice of appeal. **[Case No. 95-271-CR; ECF No. 179]**. The Report notes that Movant's judgment of conviction in the underlying criminal case became final at the latest on September 26, 1996, when the Eleventh Circuit granted his motion to voluntarily dismiss his appeal in USCA case #96-4628. .

**[Case No. 95-271-CR; ECF No. 197]**.   At the latest, Movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than September 26, 1997.  *See Griffith v. Kentucky*, 479 U.S. 314, 321, n.6 (1986); *see also* 28 U.S.C. § 2255(f).   Instead, Movant filed this motion in March 2010, over 13 years from the date when his judgment became final.   Judge White also concluded that Movant has failed to demonstrate that he diligently pursued filing of this motion to vacate within one year from the time his conviction became final, or that Movant is entitled to equitable tolling.  **[ECF No. 14, pp. 3-5, 13]**.

### B.   *Melendez-Diaz*

Notwithstanding the conclusion in the Report that Movant's claim is time-barred, the Report also analyzes the two additional grounds that Movant upon which seeks relief.   I agree that even if Movant's claim is not time-barred, he has not presented sufficient grounds for the relief sought.   Movant's first ground for relief under 28 U.S.C. § 2255 is based on *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527, 2531-32, in which the Supreme Court clarified that forensic and laboratory reports prepared for use during litigation are testimonial in nature.   In *Melendez-Diaz*, the petitioner objected to admission of "certificates of analysis" showing forensic analysis results performed on the seized substances, asserting that the Confrontation Clause decision in *Crawford v. Washington*, 541 U.S. 36 (2004), required the analysts to testify in person.   129 S.Ct. at 2351.   In essence, the Supreme Court applied *Crawford* to the facts in *Melendez-Diaz*.

The Report recognizes that the applicable one year statute of limitations can run from "the date on which the right asserted was <u>initially recognized</u> by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review" and *Crawford*, underlying *Melendez-Diaz*, is not retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3). Further, at least one court within this District has determined that *Melendez-Diaz* does not apply retroactively because it was not in existence at the time the petitioner's conviction. *Galiana v. McNeil*, 2010 U.S. Dist. LEXIS 82333, 53-54 (S.D. Fla. July 5, 2010) (citing *Vega v. Walsh*, 2010 U.S. Dist. LEXIS 40022 at *9-10).

### C. *Apprendi, Blakely, & Booker*

Movant also challenges his sentence based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). The Report highlights various cases within this Circuit which hold that retroactive application on collateral review of these cases is improper. *See* **[ECF No. 14, p. 12]**. The Report also notes that Movant did not toll the statute by filing a Notice on January 3, 2006 because no activity in Movant's underlying criminal case occurred subsequent to the decisions in *Apprendi*, *Blakely*, and *Booker*.

### III. Conclusion

Upon an independent review of the Report, the record in both the underlying criminal case and the instant case, and applicable case law, as well as noting that no objections have been filed, it is hereby:

ORDERED AND ADJUDGED:

1. The Report **[ECF No. 14]** is AFFIRMED AND ADOPTED.

2. For the reasons discussed in the well-reasoned Report, Plaintiff's motion to vacate pursuant to 28 U.S.C. § 2255 **[ECF No. 1]** is DENIED.

3. This case is CLOSED.

DONE and ORDERED in Chambers in Miami, Florida, this ___*11*___ day of April, 2011.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:    U.S. Magistrate Judge Patrick A. White
       All counsel of record

       Luis German Roldan, *Pro se*
       Reg. No. 18694-050
       McRae Correctional Facility
       P.O. Drawer 30
       McRae, GA 31055